Dear Commissioner Bradford:
This is in response to your request for an opinion asking the following question:
 For the purpose of administering the Social Security Agreement under Section 105.300 to 105.440 is an individual, appointed to the position of City Attorney, an "employee" for social security reporting purposes as defined in Section 105.300
(2) or is such attorney self-employed, whether the method of appointment specifically names the individual or only permits hiring of an attorney.
After reviewing the materials which you forwarded with your request, it appears that a number of city attorneys or attorneys who by ordinance have been hired to represent a city on a contractual basis are questioning whether the city may deduct social security contributions from the salary or fees paid to such attorneys as employees for purposes of the social security provisions found in § 105.300(2), RSMo Supp. 1979. Section 77.370, RSMo 1978, prescribes that city attorneys in third class cities shall be elective officers. Additionally, under § 98.340, RSMo 1978, third class cities may hire an attorney or attorneys to represent them in any suit or action at law or in equity brought by or against the city except in prosecutions for violations of municipal ordinances. Also under this section, the city may provide for a city counselor whose duties shall be prescribed by ordinance.
In light of these statutes, it is apparent that an elected city attorney is an employee for social security purposes under the definition of employee in § 105.300, RSMo Supp. 1979. It is further apparent that a city counselor under § 98.340, RSMo 1978, is equally a city employee for social security purposes under §105.300(2), RSMo Supp. 1979. However, when the city council by resolution employs an attorney or attorneys pursuant to § 98.340, RSMo 1978, and pays them a reasonable fee for their service in connection with a suit or action at law or in equity, then it is contemplated that the city maintain an independent contractor relationship with the employed attorney or attorneys. Common law principles would tell us that this relationship is not that of an employer and employee. Therefore, we conclude that, where a city council in a third class city has by proper resolution employed an attorney or attorneys on a fee basis to represent the city in any suit or action at law or in equity brought against the city (except in prosecutions for violations of municipal ordinances) under §98.340, RSMo 1978, those attorneys are not employees for the purposes of § 105.300(2), RSMo Supp. 1979.
We now turn to fourth class cities. Under § 79.230, RSMo 1978, the mayor, with the consent and approval of the majority of the members of the board of aldermen, shall have the power to appoint a city attorney. It is clear that the appointed officer falls within the scope of the definition of employee under §105.300(2), RSMo Supp. 1979, just as city attorneys in third class cities are treated as employees for social security purposes. It should be noted that in § 79.230, RSMo 1978, there is a reference to the employment of "special counsel to represent the city, either in a case of a vacancy in the office of city attorney or to assist the city attorney, and pay reasonable compensation therefor." This is done by ordinance. If the ordinance is drafted in such a manner as to make said special counsel an assistant city attorney on a regular basis as opposed to an independent contractor on a case by case basis, such as found in § 98.340, RSMo 1978, as applied to third class cities, then that assistant city attorney would constitute an employee of the city. However, if the employment of special counsel is done on a fee basis to represent the fourth class city in any suit or action at law or in equity on a case by case basis, then it appears that the special counsel would not be within the purview of § 105.300(2), RSMo Supp. 1979, which is the definition of employee of a political entity for social security purposes.
With regard to towns and villages, as described in Chapter 80, RSMo 1978, pursuant to § 80.240, RSMo 1978, the board of trustees has the power to appoint "such other officers, servants and agents as may be necessary, remove them from office, prescribe their duties and fix their compensation." Quite appropriately, the board could appoint a town or village attorney who would have all the characteristics of an employee for social security purposes. The nature of the relationship would be set out in the ordinance approving the employment of the attorney and including, perhaps, the agreement which would be approved also by the board of trustees. As with attorneys who represent third and fourth class cities, if the relationship is such that an attorney is hired to represent the town and village as the town attorney or village attorney and not as an independent contractor, such as in the case where special counsel is employed for a fee to represent a fourth class city in any suit or action at law or in equity on a case by case basis, then it would appear that such attorney would be an employee of the town or village for the purposes of § 105.300(2), RSMo Supp. 1979. While the authority is not as specific in the statutes pertaining to towns and villages, it is clearly implied from the powers and duties of the trustees under § 80.090, RSMo 1978, and from the powers of the trustees to make appointments under § 80.240, RSMo 1978, that the board of trustees of towns or villages has the authority to either have an attorney who would be an employee for social security purposes or an independent contractor on a case by case basis. Each individual contract and ordinance would determine that relationship.
While the opinion request does not limit the answer to third and fourth class cities, towns, and villages, we believe it is appropriate to limit the opinion to third and fourth class cities, towns, and villages, inasmuch as that is only where the problem lies. Apparently, there is no difficulty experienced with charter cities since they treat their city attorneys as city employees for social security purposes. Additionally, it is our understanding that there are no first or second class cities in this state.
CONCLUSION
For the purposes of §§ 105.300, et seq., RSMo Supp. 1979, providing for social security tax reporting, it is the opinion of this office that the city attorney elected pursuant to § 77.370, RSMo 1978, is an employee of a third class city; the city counselor appointed under § 98.340, RSMo 1978, is an employee of a third class city; a special attorney appointed under § 98.340, RSMo 1978, is not an employee of a third class city. Further we are of the opinion that the city attorney of a fourth class city under § 79.230, RSMo 1978, is an employee of a fourth class city. Depending upon the legal relationship as defined by ordinance, under § 79.230, RSMo 1978, a special counsel may become an employee of a city as assistant city attorney for social security purposes. Further, we are of the opinion that a town or village may have an attorney who would be an employee pursuant to § 105.300(2), RSMo Supp. 1979, or may employ a special counsel who would be an independent contractor but the nature of the relationship would depend upon the ordinance and agreement with that particular attorney.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Very truly yours,
 JOHN ASHCROFT Attorney General